IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **FIFTH THIRD BANK,** <br> **NATIONAL ASSOCIATION,** <br><br> **Plaintiff** <br><br> v. <br><br> **SAAD ALSAAB, et al.,** <br><br> **Defendants** | CIVIL CASE NO. 4:22-cv-03731 |

**THE BANK'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES**

Plaintiff Fifth Third Bank, National Association ("Bank") files this response in opposition to Defendants' Motion For Leave To Designate Responsible Third Parties ("Defendants' Motion to Designate") filed on March 1, 2024 by Defendants Saad Alsaab ("Alsaab") and Amit K. Gupta ("Gupta") (together, "Defendants"). (DN 63). The Bank, pursuant to LR 7.5.A, requests oral argument on Defendants' Motion to Designate.

**INTRODUCTION**

The gravamen of the Bank's complaint is that Defendants defrauded the Bank into making two loans for $28,000,000 to five laboratory testing companies known as Diax Labs. Defendants controlled Diax Labs. Each of the five companies was owned, entirely

or almost entirely, by Alsaab. From the $28,000,000, Alsaab paid himself $20,000,000 as a dividend and paid $330,000 to Gupta as a "success fee." Unbeknownst to the Bank, however, before the March 28, 2022 closing of the loans Defendants learned that the Centers for Medicare and Medicaid Services ("CMS") had decided to no longer pay claims for genetic tests that accounted for a majority of the revenue of Diax Labs. The Bank's causes of actions are based on Defendants' failure to disclose that critical information about the impairment of the revenue stream – comprising mostly the CMS genetic lab-test receivables – that Diax Labs would have to rely upon to repay the Bank, and Defendants' affirmative misrepresentations and omissions intended to conceal from the Bank what had happened.

Defendants now move the Court to designate, pursuant to Tex. Civ. Prac. & Rem. Code §33.004, responsible parties with respect to six of the Bank's ten causes of action against Defendants. (Defendants' Motion to Designate, p. 1). The claims are the following:

Count 1 – Fraud By Non-Disclosure

Count 2 – Fraudulent Misrepresentation

Count 3 – Negligent Misrepresentation

Count 4 – Gross Misrepresentation

Count 5 – Unjust Enrichment

Count 6 – Civil Conspiracy

(Fifth Third Bank, National Association's Second Amended Complaint Against Saad Alsaab and Amit K. Gupta, filed January 26, 2024 (DN 55)).[1] Defendants have pleaded that the allegedly responsible parties are Xavier Becerra in his capacity as Secretary of the United States Department of Health and Human Services, Chiquita Brooks-LaSure in her capacity as Administrator for the Centers for Medicare and Medicaid Services, and Novitas Solutions, Inc. (together, "CMS/Novitas"). The Defendants' Motion to Designate should be denied for reasons explained below, including the Defendants' failure to even attempt to "plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure." Tex. Civ. Prac. & Rem. Code §33.004(g)(1).

In fact, Defendants' Motion to Designate is implicitly founded on the theory that if CMS/Novitas had not ceased making certain payments to Diax Labs, then Defendants would not have engaged in the conduct that underlies the Bank's claims:

> 2. The 'perfect storm' that hit the Companies—and that pushed them from a successful, highly profitable multi-million dollar business into bankruptcy—was, to a substantial degree, the fault of the United States government and, more specifically, the reckless, wrongful, and improper actions of CMS and its federal contractor, Novitas.

(Defendants' Motion to Designate, p. 2, ¶ 2). However, Defendants' Motion to Designate ignores that it is the Bank, not Diax Labs or Defendants, which must have an unpled claim

---

[1] Counts 7 and 8 allege violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, Counts 9 and 10 allege avoidance and fraudulent transfer claims under the Texas Uniform Fraudulent Transfer Act, Tex. Bus. & Com. Code §§ 34.005(a))(1) and (2), 24.006(a), 24.008, and 24.009. Defendants concede that apportionment as a matter of law does not apply to these claims. (Defendants' Motion to Designate, p. 11, fn. 11).

3

against CMS/Novitas for apportionment to them. Thus, even assuming CMS/Novitas had wrongfully refused to make payments to Diax Labs, CMS/Novitas would not be liable to *the Bank* for Defendants' failure to disclose to the Bank that the payments had ceased and Defendants' efforts to hide that fact from the Bank. One cannot extrapolate from Defendants' Motion to Designate a theory as to why CMS/Novitas should be liable to the Bank for its fraud-based claims against Defendants. However, even if one could somehow do so, that is the different from Defendants pleading sufficient facts "concerning the alleged responsibility" of CMS/Novitas to the Bank, or a breach of that responsibility, which Defendants wholly fail to do.

## STATEMENT OF THE ISSUE TO BE RULED UPON BY THE COURT

The Bank agrees with Defendants that the issue to be decided is "[w]hether the Defendants have met the requirements of Tex. Civ. Prac. & Rem. Code §33.004 for the designation of [CMS/Novitas] as responsible third parties." (Defendants' Motion to Designate, p. 11).

## ARGUMENT

**A. The Court Has Ruled On The Issue Presented Here**

Defendants argue that CMS/Novitas should be designated as responsible third parties under Tex. Civ. Prac. & Rem. Code §33.004 so that fault for Defendants' fraud committed against the Bank can be apportioned to CMS/Novitas. According to Alsaab and Gupta, CMS/Novitas' supposedly wrongful denial of Medicare reimbursement claims somehow prevented them from accurately representing the true financial condition of Diax Labs to the Bank prior to the closing of the loans. However, whether the claims denials

4

were wrongful has no effect on the Bank's fraud-related claims against Defendants or their defenses to the same. In fact, the Court denied an earlier motion by Defendants to stay the action pending the outcome of the action between Diax Labs and CMS/Novitas that is also pending before the Court: "As an initial matter, the Court finds that a stay would not meaningfully promote judicial efficiency, given that the resolution of the related case—*Elite Medical Laboratory Solutions, LLC, et al. v. Xavier Becerra, et al. (In re Penta State LLC),* Adv. Proc. No. 22-03300 (Bankr. S.D. Tex. filed Oct. 11, 2022)—will have no dispositive effect on the issues involved in this matter." (DN 42).

The Court's conclusion is hardly surprising. Indeed, the big picture implication of Defendants' argument is astonishing. According to Defendants, whenever CMS/Novitas erroneously denies Medicare claims, it becomes liable to the lenders to the healthcare providers whose claims have been denied. There is no support for that argument and it would upend the Medicare claims reimbursement system.

### B. CMS/Novitas Is Not Liable For The Bank's Claims Against Defendants

"A responsible third party is any person who allegedly caused or contributed to causing the damages which are sought by a plaintiff. Tex. Civ. Prac. & Rem. Code §3.011(6)." *Kinney v. Brink's Inc.*, 2018 U.S. Dist. LEXIS 237559, at *2-3 (S.D. Tex. Apr. 20, 2018). "A responsible third party must be one who could have been, but was not, sued by the claimant, and must be potentially liable to the *plaintiff* for the damages claimed against the named defendant(s)." *J.M.K. 6, Inc. v. Gregg & Gregg, P.C.*, 192 S.W.3d 189, 201 (Tex. App. 2006); *see also Hagan v. Pennington*, 2019 Tex. App. LEXIS 5101, at *31 (Tex. App. June 19, 2019). "In other words, a defendant who designates a responsible third

5

party pursuant to section 33.004 claims that the third party is responsible to the *plaintiff*, not to the defendant." *J.M.K. 6, Inc. v. Gregg & Gregg, P.C.*, 192 S.W.3d at 201 (emphasis added).

Defendants do not explain what claim the Bank has against CMS/Novitas. Instead, Defendants' Motion to Designate is concerned with explaining CMS/Novitas' wrongdoing against Diax Labs. No explanation is offered as to how CMS/Novitas could be liable to the Bank for the alleged wrongdoing of CMS/Novitas against Diax Labs. CMS/Novitas may, or may not, have played a role in the demise of Diax Labs. Assuming, however, that CMS/Novitas was responsible for the demise of Diax Labs, and assuming further that the conduct was wrongful, that would not make CMS/Novitas responsible for any of the Bank's claims against Defendants. CMS/Novitas did not force Defendants to lie to the Bank about the financial condition of Diax Labs.

## C. Defendants Fail To Plead Any Facts Suggesting Liability Of CMS/Novitas To The Bank

### *1. Standard of Review*

Under Tex. Civ. Prac. and Rem. Code 33.004(f), a court will grant leave to designate a responsible third party unless a party timely objects. A court shall not grant leave if the objecting party shows that "the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading standard under the Texas Rules of Civil Procedure." Tex. Civ. Prac. and Rem. Code §33.004(g)(1). Rule 47 of the Texas Rules of Civil Procedure requires that a pleading contain "a short statement of the cause of action sufficient to give fair notice of the claim." Tex. R. Civ. P. 47(a). "Texas follows a

6

'fair notice' standard for pleading, in which courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). The defendant bears an ultimate burden to produce evidence of the designated third party's responsibility. *Benchellal v. Okonite Co., Inc.*, 2023 U.S. Dist. LEXIS 232302, at *4 (quoting *Magna Equities II, LLC v. Heartland Bank*, 2018 U.S. Dist. LEXIS 31971, 2018 WL 1135482, at *2 (S.D. Tex. Feb. 28, 2018)) (internal citations omitted); *see also Fisher v. Halliburton*, 2009 WL 1098457, at *1 (S.D. Tex. Apr. 23, 2009) ("as trial moves closer the requirement for sufficient evidence to support the actual submission of a question on the responsibility of the designated third parties becomes more demanding.").

### 2. *Defendants Fail To Allege That The Bank Has A Claim Against CMS/Novitas*

Defendants' Motion to Designate entirely omits the nature, basic issues, and the type of evidence that might be relevant to the controversy because Defendants have failed to plead any cause of action that the Bank, as opposed to Diax Labs or Defendants themselves, may be able to assert against CMS/Novitas. As such, Defendants have failed to satisfy the pleading standard under Rule 47.[2]

There can be no submission of an alleged responsible third party's responsibility "without sufficient evidence to support the submission." Tex. Civ. Prac. & Rem. Code

---

[2] Assuming Defendants' Motion to Designate had for the first time stated such alleged facts, it would have been too late. Facts stated for the first time in a motion to designate fail to meet the pleading standard of §33.004. *See United Healthcare Servs. v. Synergen Health LLC*, 2023 U.S. Dist. LEXIS 109458, at *17 (N.D. Tex. June 26, 2023).

§33.003(b). This includes evidence that the third parties "cause[d] or contribut[ed] to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any unreasonably dangerous product, or by other conduct or activity that violates an applicable legal standard, or by any combination of these." *Id.* at §33.003(a). In other words, a third party cannot be designated a responsible third party if the moving defendant does not adequately allege or show that the party was – with regards to the plaintiff – negligent or otherwise violated an applicable *legal standard*. *BCC Merch. Sols., Inc. v. Jet Pay, LLC*, No. 3:12-CV-5185-B, 2015 U.S. Dist. LEXIS 193070 (N.D. Tex. Jan. 15, 2015); *see also Goodman Mfg. Co. v. Field Warehousing Corp.,* 2007 WL 2220964, \*4 (S.D. Tex. 2007). In *Goodman,* the court denied the defendant's motion for leave to designate a responsible third party because the defendant did not allege that the responsible third party caused or contributed to the harm to the plaintiff. The court denied leave because the responsible third party had no duties attendant to the claim at bar. Moreover, the defendant did not allege that the responsible third party had any duties to the plaintiff under common or statutory law. *Id.* at \*3.

      Defendants do not allege that CMS/Novitas owed any duty to the Bank. While Defendants have made allegations of wrongdoing by CMS/Novitas against Diax Labs, they do not allege wrongdoing by CMS/Novitas against the Bank. Of course, whether CMS/Novitas wrongfully denied the genetic testing claims made by Diax Labs does not matter here. If they did, CMS/Novitas may be liable to Diax Labs, but not to the Bank.

### *3. Defendants Fail To Plead Negligence Or Fraud By CMS/Novitas*

The elements of negligence include the existence and breach of a legal duty. *Western Inves. V. Urena,* 162 S.W.3d 547, 550 (Tex. 2005). Fraud additionally requires intent and reliance. Defendants have not pled that CMS/Novitas owed any duty to the Bank. Instead, Defendants allege that it was Diax Labs, not the Bank, that "relied on the statements, representations, and instructions of Novitas and CMS." (Defendants' Motion to Designate, p. 15, ¶ 25r).

Defendants have failed to plead that CMS/Novitas violated any applicable legal standard. Even if Defendants could satisfy the first prerequisite (CMS/Novitas tortiously contributed to the Bank's causes of action), which Defendants have not done, Defendants would still need to allege and produce evidence supporting a "legal duty" of CMS/Novitas in tort that caused or contributed to the causes of action. Tex. Civ. Prac. & Rem. Code §33.011(6) ("'Responsible Third Party' means a person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, or by other conduct or activity that violates an applicable legal standard, or by any combination of those."). Defendants have not pled a duty owed by CMS/Novitas to anyone, much less a duty CMS/Novitas owed to the Bank.

Establishing a "legal duty" is a prerequisite to apportionment of fault. *BDO USA, LLP v. Litex Indus.,* 2016 WL 3198503, *14 (Tex. App. – Dallas 2016) (auditor-defendant failed to establish a "legal duty" on behalf of the plaintiff, as there is no legal duty to act

as a "reasonably prudent business"). Nowhere in Defendants' Motion to Designate do they allege that CMS/Novitas had a "legal duty" to the Bank. *See Freeman v. American K-9 Detection Servs., L.L.C.,* 494 S.W.3d 393, 2015 Tex. App. LEXIS 11053 (Tex. App. Corpus Christi Oct. 29, 2015), rev'd, 556 S.W.3d 246, 2018 Tex. LEXIS 661 (Tex. 2018) (trial court abused its discretion in granting defendant's motion for leave to designate the Army and/or the Department of Defense as responsible third parties, because the defendant failed to plead any facts establishing that the Army or DOD committed any negligent act or omission or engaged in any conduct or activity that violated an applicable legal standard). Defendants' Motion to Designate cannot be granted as it does not include the essential allegation of how CMS/Novitas' actions might have harmed the Bank.

The nonexistence of a legal duty in tort ends the inquiry into whether proportionate-responsibility may be imposed. *BDO,* 2016 WL 3198503, *14. If proportionate-responsibility may not be imposed, then third-parties cannot be designated, as the definition of "responsible third party" requires the same "legal duty." *Compare* Tex. Civ. Prac. & Rem. Code §33.011(6) *with* Tex. Civ. Prac. & Rem. Code §33.003(a); see also Tex. Civ. Prac. & Rem. Code §33.003(b) (The proportionate-responsibility section does not allow submission of a question regarding conduct by any person without sufficient evidence to support the submission).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Designate should be denied. A proposed order denying Defendants' Motion to Designate has been tendered.

Dated: March 18, 2024

Respectfully submitted,

/s/ *Lea Pauley Goff*
Lea Pauley Goff (admitted *pro hac vice*)
KY Bar No. 81266
Attorney-in-Charge
Culver V. Halliday (admitted *pro hac vice*)
KY Bar No. 28050
**STOLL KEENON OGDEN PLLC**
400 W. Market St., Suite 2700
Louisville, Kentucky 40202
lea.goff@skofirm.com
culver.halliday@skofirm.com
(502) 333-6000

and

Amelia Martin Adams (admitted *pro hac vice*)
KY Bar No. 93038
Timothy R. Wiseman (admitted *pro hac vice*)
KY Bar No. 95072
**STOLL KEENON OGDEN PLLC**
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1801
amelia.adams@skofirm.com
tim.wiseman@skofirm.com
(859) 231-3000

and

Mark S. Finkelstein
Texas Bar No. 07015100 | S.D. Tex. No. 5543
mfinkelstein@smfadlaw.com
T: 713.646.5503 | F: 713.752.0337
Carlos A. Mattioli
Texas Bar No. 00789474 | S.D. Tex. No. 20122
T: 713.646.5546 | F: 713.752.0337
cmattioli@smfadlaw.com
**SHANNON, MARTIN, FINKELSTEIN, ALVARADO & DUNNE, P.C.**
1001 McKinney St, Suite 560
Houston, Texas 77002

*Attorneys for Plaintiff*
*Fifth Third Bank, National Association*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that The Bank's Response In Opposition To Defendants' Motion For Leave To Designate Responsible Third Parties, and Order Denying Defendants' Motion For Leave To Designate Responsible Third Parties, were on March 18, 2024 filed via the Court's CM/ECF system and served on all parties receiving electronic service.

/s/ Lea Pauley Goff
*Counsel for Fifth Third Bank,*
*National Association*