IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FIFTH THIRD BANK,** <br> **NATIONAL ASSOCIATION,** <br><br> Plaintiff <br><br> v. <br><br> **SAAD ALSAAB, et al.,** <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br><br> CIVIL CASE NO. 4:22-cv-03731 |

**THE BANK'S SUR-RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES**

### INTRODUCTION

Plaintiff Fifth Third Bank, National Association ("Bank") files this sur-response in opposition to Defendants' Motion For Leave To Designate Responsible Third Parties ("Defendants' Motion to Designate"). (DN 63). The Court, by order entered on April 2, 2024, granted the Bank leave under Court Procedures, §6.C.4, to file this sur-response. (DN 74).

Defendants Saad Alsaab and Amit K. Gupta (together, "Defendants") have moved the Court for leave to designate Xavier Becerra in his capacity as Secretary of the United States Department of Health and Human Services, Chiquita Brooks-LaSure in her capacity

as Administrator for the Centers for Medicare and Medicaid Services, and Novitas Solutions, Inc. (together, "CMS/Novitas") as responsible third parties. ("Defendants' Motion to Designate"). The motion should be denied as "there is no evidence that the designated person [CMS/Novitas] is responsible for any portion of the claimant's [Bank's] alleged injury or damage." Tex. Civ. Prac. & Rem. Code §33.004(l). In fact, Defendants have not even attempted to "plead sufficient facts concerning the alleged responsibility of the person [CMS/Novitas] to satisfy the pleading requirement of the Texas Rules of Civil Procedure." Tex. Civ. Prac. & Rem. Code §33.004(g)(1).

Defendants' Motion to Designate, in lieu of pleading "sufficient facts concerning the alleged responsibility" of CMS/Novitas for "any portion of the [Bank's] alleged injury or damage," is devoted entirely to setting out Defendants' accusations of the purported "reckless, wrongful, and improper actions of CMS and its federal contractor, Novitas" directed against five laboratory testing companies doing business together as Diax Labs (collectively, "Companies").[1] (Defendants' Motion to Designate, p. 2, ¶2). It is of no consequence here, however, whether CMS/Novitas injured or damaged Diax Labs, or Defendants for that matter. CMS/Novitas can only be designated a responsible third party here if it is responsible for some portion of the claimant's alleged injury or damage. Here,

---

[1] The five companies are Penta State LLC, Zayd Assets LLC, Elite Medical Laboratory Solutions LLC, Graham Tomball LLC, and Nationwide Laboratory Partners LLC. (Defendants' Motion to Designate, p. 1, n.4). "The Companies all did business under the assumed name Diax Labs." *Id*. Defendant Saad Alsaab is "the Companies' principal owner," and Defendant Amit K. Gupta was "previously an outside, fractional CFO hired for the Companies." (*Id.*, p. 6, ¶12).

2

the claimant is the Bank – not Diax Labs or Defendants – and CMS/Novitas is not responsible for any alleged injury or damage to the Bank. There is no issue in that regard.

## PROCEDURAL POSTURE

### A. The Papers Filed In Connection With Defendants' Motion To Designate.

On March 1, 2024, Defendants' Motion to Designate was filed. (DN 63). On March 18, 2024, the Bank filed a response in opposition to Defendants' Motion to Designate ("Bank's Response"). (DN 64). On March 25, 2024, Defendants filed a reply to the Bank's Response ("Defendants' Reply"). (DN 67). On March 28, 2024, the Bank moved for leave to file sur-response on the ground that Defendants' Reply mischaracterizes the Bank's argument that CMS/Novitas cannot be designated a responsible party third party. On April 3, 2024, the Court entered its order granting the Bank's motion for leave to file a sur-response. (DN 74). The Bank's sur-response is submitted pursuant thereto.

The Bank, pursuant to LR 7.5.A, has requested oral argument of Defendants' Motion to Designate. (Bank's Response, p. 1). With the filing of the Bank's sur-response, Defendants' Motion to Designate stands submitted for a ruling by the Court unless it decides to grant the request for oral argument.

### B. Defendants' Seek To Designate CMS/Novitas A Responsible Third Party As To The Claims Alleged In Six Of The Ten Counts Of The Bank's Complaint.

The claims alleged against Defendants in the Bank's second amended complaint against Defendants, filed January 26, 2024 ("Complaint"), are set out in 10 separate counts. (DN 55). The counts are labeled as follows:

Count 1 – Fraud By Non-Disclosure

3

      Count 2 – Fraudulent Misrepresentation

      Count 3 – Negligent Misrepresentation

      Count 4 – Gross Misrepresentation

      Count 5 – Unjust Enrichment

      Count 6 – Civil Conspiracy

      Count 7 – Violation Of RICO

      Count 8 – Violation Of RICO

      Count 9 – Fraudulent Transfers Under TUFTA

      Count 10 – Fraudulent Transfers Under TUFTA.

Defendants seek leave to designate CMS/Novitas a responsible third party with respect to eight of the counts (Counts 1, 2, 3, 4, 5, 6, 9, and 10). (Defendants' Motion to Designate, DN 63, p. 1).

    Defendants concede that as a matter of law CMS/Novitas cannot be designated a responsible third party under Counts 7 and 8 of the Complaint, the counts alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§1961-1968. (Defendants' Motion to Designate, p. 11, n.11). Defendants make the same concession with respect to Counts 9 and 10, the counts of the Complaint alleging avoidance and fraudulent transfer claims under the Texas Uniform Fraudulent Transfer Act, Tex. Bus. & Com. Code §§34.005(a))(1) and (2), 24.006(a), 24.008, and 24.009, but explain that they include them in Defendants' Motion to Designate "out of an abundance of caution" because of the possibility that the Supreme Court of Texas may in the future decide otherwise. *Id*. Of course, it does not matter here as CMS/Novitas is not responsible for the injury or

4

damage to the Bank underlying any of its claims against Defendants, including all of its claims arising under the laws of the State of Texas.

### C. The Statutes Relevant To Designating A Responsible Third Party Require Causation Or Contribution To Plaintiff's Damages.

Chapter 33 of the Texas Civil Practices and Remedies Code is titled Proportionate Responsibility. Defendants' Motion to Designate refers to and relies on §§33.003(a)(4), 33.004(a), (f), and (g), and 33.011(6) of Chapter 33. These sections provide as follows:

> Sec. 33.003. DETERMINATION OF PERCENTAGE OF RESPONSIBILITY. (a) *The trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility*, stated in whole numbers, for the following persons *with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought*, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these:
>
> (1) each claimant;
>
> (2) each defendant;
>
> (3) each settling person; and
>
> *(4) each responsible third party who has been designated under Section 33.004.*
>
> * * *

*Id*. (emphasis added).

> Sec. 33.004. DESIGNATION OF RESPONSIBLE THIRD PARTY. (a) *A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party . . . .*
>
> * * *

5

(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.

(g) *If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes*:

> (1) *the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure*; and
>
> (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

\* \* \*

*Id*. (emphasis added).

> Sec. 33.011. DEFINITIONS. In this chapter:

\* \* \*

> (6) *"Responsible third party" means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought*, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. The term "responsible third party" does not include a seller eligible for indemnity under Section 82.002.

\* \* \*

*Id*. (emphasis added).

## ARGUMENT

### A. A Person Designated A Responsible Party Third Party Must have Caused Or Contributed To The Harm Suffered By A Claimant, Not Other Parties.

The Texas statutory law on which Defendants' Motion to Designate is premised is

6

not ambiguous. The trier of fact is required to determine the percentage of responsibility of each third party designated under Tex. Civ. Prac. & Rem. Code §33.003(a)(4) for "causing or contributing to cause in any way the harm *for which recovery of damages is sought.*" *Id*. (emphasis added). Defendants' Motion to Designate is brought in order that the finder of fact here will be required to determine the percentage of responsibility of CMS/Novitas for "causing or contributing to cause in any way the harm for which recovery of damages is sought" by the Bank from Defendants. *Id.* A "responsible third party" is defined as any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought." Tex. Civ. Prac. & Rem. Code §33.011(6). In this case, the Bank is the only party seeking damages – Defendants are not. That Defendants have not satisfied the pleading requirement of the Texas Rules of Civil Procedure is manifested by their complete failure to plead facts, much less "sufficient facts," indicating how CMS/Novitas "caused or contributed to causing" the harm to the Bank for which it seeks to recover damages from Defendants.

**B. Defendants' Motion To Designate Fails Because CMS/Novitas Is Not Responsible For the Harm For Which The Bank Seeks Damages.**

Defendants and the Bank are in agreement with respect to Defendants' Motion to Designate only in that the issue to be decided is "[w]hether the Defendants have met the requirements of Tex. Civ. Prac. & Rem. Code §33.004 for the designation of [CMS/Novitas] as responsible third parties." (Defendants' Motion to Designate, p. 8; Bank's Response, p. 4). One of these requirements is that the defendant have pleaded "sufficient facts concerning the alleged responsibility of the person to satisfy the pleading

7

requirement of the Texas Rules of Civil Procedure". Tex. Civ. Prac. & Rem. Code §33.004(g)(1). The Bank established that Defendants had not done so, pointing out that nowhere in Defendants' Motion to Designate was there any attempt made to explain how CMS/Novitas "caused or contributed to causing in any way the harm for which recovery of damages is sought" by the Bank. (Bank's Response, pp. 3, 5). Thus, it is not possible to conclude that CMS/Novitas is a "responsible third party" as such is defined in Tex. Civ. Prac. & Rem. Code §33.011(6).

### C. Defendants' Reply Mischaracterizes the Bank's Position And Focuses On CMS/Novitas Having Harmed Diax Labs Rather Than Harming The Bank.

Defendants did not in the reply that they filed to the Bank's Response attempt to avail themselves of the opportunity provided to plead "sufficient facts concerning the alleged responsibility of [CMS/Novitas] . . ." for harming the Bank.[2] Instead, they obfuscated.

First, they did so by arguing that the Bank's opposition to Defendants' Motion to Designate is based on Tex. Civ. Prac. & Rem. Code §33.004 before its amendment in 2003: "It relies on the old version of Texas's proportionate responsibility statute and cases interpreting that older statute." (Defendants' Motion to Designate, p. 1). This is not correct. Pre-amendment, CMS/Novitas could be a potentially responsible party only if it caused or

---

[2] Tex. Civ. Prac. & Rem. Code §33.004(g)(1) and (2) provide that leave to designate a person as a responsible third party shall not be granted if the party objecting establishes "the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure," and "after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure." Defendants have not requested leave to replead. This is not surprising as the February 19, 2024 deadline for completing discovery that was set by order of the Court passed before Defendants' Motion to Designate was filed. (DN 44).

8

contributed to the damage to the Bank *and* it had a legal claim against CMS/Novitas. The 2003 amendment deleted three phrases, effectively removing the requirement that persons designated responsible parties have *legal liability* to a claimant (i.e., a claim that prior to amendment might have been barred because of immunity, an expired statute of limitations, or otherwise). The amendment did not change the requirement that CMS/Novitas have caused or contributed to harm suffered by the Bank.

Second, and more importantly, Defendants in their reply ignore that – both before and after the 2003 amendment of Tex. Civ. Prac. & Rem. Code §33.004 – in order for a person to be a responsible third party they must have some responsibility for "causing or contributing," or "caused or contributed," in at least some way to the "harm for which recovery of damages is sought." In other words, CMS/Novitas to be a responsible third party must have caused or contributed to the harm to the Bank. There is not even a suggestion by Defendants as to how CMS/Novitas has done so.

The law of Texas is clear and there is no issue regarding its application here. "A responsible third party is any person who allegedly caused or contributed to causing the *damages which are sought by a plaintiff.*" *Kinney v. Brink's Inc.*, 2018 U.S. Dist. LEXIS 237559, at *2 (S.D. Tex. Apr. 20, 2018) (emphasis added). "As one commentator has observed: 'The thrust of the 2003 statute is that the jury should allocate responsibility among all persons who are *responsible for the claimant's injury*, regardless of whether they are subject to the court's jurisdiction or whether there is some other impediment to the imposition of liability on them, such as a statutory immunity.' 19 WILLIAM V. DORSANEO III, TEXAS LITIGATION GUIDE §291.03[2][b][i] at 291-24.1 (2009)."

9

*Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 868 n.6 (Tex. 2009) (emphasis added). "Chapter 33 provides, among other things, that a defendant . . . may seek to designate a person, *who has not been sued by a claimant*, as a responsible third party." *Id.* at 865 (emphasis added). A "defendant who seeks to designate a responsible third party claims the third party is *responsible to the plaintiff, not the defendant*". *Hagan v. Pennington*, 2019 Tex. App. LEXIS 5101, at *31 (Tex. App. June 19, 2019).

Again, and as is obvious, the real or imagined wrong occasioned Diax Labs by CMS/Novitas is not relevant to deciding whether it is a responsible third party. What is relevant to such decision is whether CMS/Novitas caused or contributed to causing the damages that the Bank seeks to recover from Defendants for the harm they caused the Bank (i.e., obtaining loans by misrepresenting the financial condition of Diax Labs). Defendants fail even to allege that CMS/Novitas caused or contributed to that harm. In actuality, Defendants' Motion to Designate is premised on Defendants' implicit argument that their misrepresenting to the Bank the financial condition of Diax Labs is excused because of the "reckless, wrongful, and improper" failure of CMS/Novitas to make payments to Diax Labs. It most certainly is not.

## CONCLUSION

Defendants' Motion to Designate, for the foregoing reasons and those given previously in the Bank's Response, should be denied. A proposed order denying Defendants' Motion to Designate was tendered with the Bank's Response. (DN 64-1).

Respectfully submitted,

/s/ *Lea Pauley Goff*
Lea Pauley Goff (admitted *pro hac vice*)
KY Bar No. 81266
Attorney-in-Charge
Culver V. Halliday (admitted *pro hac vice*)
KY Bar No. 28050
**STOLL KEENON OGDEN PLLC**
400 W. Market St., Suite 2700
Louisville, Kentucky 40202
lea.goff@skofirm.com
culver.halliday@skofirm.com
(502) 333-6000

Amelia Martin Adams (admitted *pro hac vice*)
KY Bar No. 93038
Timothy R. Wiseman (admitted *pro hac vice*)
KY Bar No. 95072
**STOLL KEENON OGDEN PLLC**
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1801
amelia.adams@skofirm.com
tim.wiseman@skofirm.com
(859) 231-3000

and

Steven R. Rech (TBN 16649200)
**VORYS, SATER, SEYMOUR AND PEASE LLP**
909 Fannin Street, Suite 2700
Houston, Texas 77010
srech@vorys.com
(713) 588-7000

and

Mark S. Finkelstein
Texas Bar No. 07015100 | S.D. Tex. No. 5543
mfinkelstein@smfadlaw.com
T: 713.646.5503 | F: 713.752.0337
Carlos A. Mattioli
Texas Bar No. 00789474 | S.D. Tex. No. 20122
T: 713.646.5546 | F: 713.752.0337
cmattioli@smfadlaw.com
**SHANNON, MARTIN, FINKELSTEIN,
ALVARADO & DUNNE, P.C.**
1001 McKinney St, Suite 560
Houston, Texas 77002

*Attorneys for Plaintiff*
*Fifth Third Bank, National Association*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that The Bank's Sur-Response In Opposition To Defendants' Motion For Leave To Designate Responsible Third Parties was on April 10, 2024 filed via the Court's CM/ECF system and served on all parties receiving electronic service.

/s/ Lea Pauley Goff
*Counsel for Fifth Third Bank,*
*National Association*